OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Cincinnati Bar Association v. Shabazz.
[Cite as Cincinnati Bar Assn. v. Shabazz (1994),      Ohio
St.3d      .]
Attorneys at law -- Misconduct -- Six-month suspension to be
      served consecutively to prior suspension with one year of
      monitored probation to follow -- Failure to pay client's
      subrogated medical bills after retaining an amount from
      settlement to pay them.
      (No. 94-553 -- Submitted May 10, 1994 -- Decided July 13,
1994.)
      On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-27.
      On February 24, 1993, this court suspended respondent,
Donald A. Shabazz of Cincinnati, Ohio, Attorney Registration
No. 0024227, for two years for multiple violations of the Code
of Professional Responsibility.  Cincinnati Bar Assn. v.
Shabazz (1993), 66 Ohio St.3d 4, 607 N.E.2d 438.  Following the
first year of the suspension, the remainder of the suspension
was to be stayed and respondent would be placed on monitored
probation for the balance of the sanction.
      In a complaint filed June 21, 1993, relator, Cincinnati
Bar Association, charged respondent with one count of
misconduct, alleging that he had violated DR 1-102(A)(4)
(conduct involving dishonesty, fraud, deceit, or
misrepresentation), 6-101(A)(3) (neglecting a legal matter
entrusted to him), 7-101(A)(1) (failing to seek the lawful
objectives of his client), 7-101(A)(2) (failing to carry out a
contract of employment for professional services), 7-101(A)(3)
(causing prejudice or damage to one's client during the course
of the professional relationship), and 9-102(B)(3) (failing to
maintain complete records of all funds of a client coming into
possession of the lawyer and render appropriate accounts to his
client regarding them).
      An evidentiary hearing on the matter was held before a
panel of the Board of Commissioners on Grievances and
Discipline of the Supreme Court ("board") on February 11,
1994.  The stipulations, testimony, and documentary evidence
indicated that in 1989, Natalie Young retained respondent to

represent her in an automobile accident case. As a result of the accident, Young incurred medical bills totalling $563.80. On July 23, 1991, through respondent's efforts, Young's personal injury claim was settled for $5,150. At the time of the foregoing settlement, respondent received his one-third contingency fee of $1,716 and retained an additional $563 to pay the subrogated medical bills, remitting the balance of the settlement to Young.

When respondent failed to pay the medical bills, Health Care Recoveries, Inc. sent him a statement dated July 8, 1992 concerning the unpaid balance. Respondent could not recall receiving this statement. In January and February 1993, Young received collection letters concerning the unpaid medical bills. Young contacted respondent's office several times by telephone but respondent never returned her calls. Respondent claimed that he never received any messages from Young about the medical bills. Young filed a grievance with relator on March 10, 1993. On April 15, 1993, relator advised respondent that Young's complaint had been filed against him. On April 19, 1993, respondent sent a cashier's check in the amount of $563.80 to Health Care Recoveries, Inc.

In mitigation, respondent claimed that during the time of the settlement, he was under a great deal of stress as a result of his prior disciplinary proceeding and difficulties with his former law partner. Respondent further testified that he had experienced a large turnover of secretarial staff and that he was unaware that Young's medical bills had not been paid until being contacted by relator in April 1993, at which time he promptly remitted the full amount. Relator recommended that respondent be indefinitely suspended, and respondent requested a public reprimand.

The panel concluded that respondent had violated DR 6-101(A)(3) and 9-102(B)(3), and recommended the imposition of an additional six-month suspension to be served consecutively to respondent's prior sentence, with the existing one-year monitored probation to follow. The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and further recommended that costs be taxed to respondent.

Klaine, Wiley, Hoffmann & Meurer and Franklin A. Klaine, Jr.; Lindhorst & Driedame and James L. O'Connell, for relator.
Donald A. Shabazz, pro se.

Per Curiam. We concur in the findings and recommendation of the board. Donald A. Shabazz is hereby suspended from the practice of law for an additional six months, to be served consecutively to his prior suspension, with the one year of monitored probation to follow. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.